Deutsche Bank Natl. Trust Co. v Buah (2020 NY Slip Op 05722)





Deutsche Bank Natl. Trust Co. v Buah


2020 NY Slip Op 05722


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-09933
2017-09935
 (Index No. 50948/16)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Patrick A. Buah, etc., et al., appellants, et al., defendants.


Clair & Gjertsen, White Plains, NY (Mary Aufrecht of counsel), for appellants.
Winston & Strawn, LLP, New York, NY (Heather Elizabeth Saydah of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Patrick A. Buah and Elizabeth A. Buah appeal from two orders of the Supreme Court, Dutchess County (Christine A. Sproat, J.), both dated August 15, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Patrick A. Buah and Elizabeth A. Buah, to strike those defendants' amended answer, and for an order of reference. The second order, insofar as appealed from, also granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' amended answer, and for an order of reference, and directed that those defendants' amended answer be treated as a limited notice of appearance, and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Patrick A. Buah and Elizabeth A. Buah, to strike those defendants' amended answer, and for an order of reference are denied.
The plaintiff commenced this action against, among others, the defendants Patrick A. Buah and Elizabeth A. Buah (hereinafter together the defendants), to foreclose a mortgage on residential property in Poughkeepsie. The defendants interposed an amended answer, in which they asserted various affirmative defenses, including lack of standing. Thereafter, in May 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their amended answer, and for an order of reference. The defendants opposed the motion. By order dated August 15, 2017, the Supreme Court granted the plaintiff's motion. In a second order, also dated August 15, 2017, the court, among other things, directed that the defendants' amended answer be treated as a limited notice of appearance, and referred the matter to a referee to compute the amount due to the plaintiff. The defendants appeal.
Contrary to the defendants' contention, the plaintiff established, prima facie, its standing by demonstrating that it had physical possession of the note prior to the commencement of [*2]the action, as evidenced by its attachment of the note, which was endorsed in blank, to the summons and complaint at the time the action was commenced (see Deutsche Bank Natl. Trust Co. v Cardona, 172 AD3d 1313, 1314; Deutsche Bank Natl. Trust Co. v Umeh, 145 AD3d 497, 497). In opposition, the defendants failed to raise a triable issue of fact as to the plaintiff's standing.
However, the Supreme Court should not have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their amended answer, and for an order of reference, since the evidence submitted in support of the motion failed to establish, prima facie, the plaintiff's strict compliance with RPAPL 1304 and that the required notice of default was in fact mailed to the defendants by first-class mail, or actually delivered to the designated address if sent by other means, as required by the terms of the mortgage as a condition precedent to foreclosure (see U.S. Bank N.A. v Kochhar, 176 AD3d 1010; Bank of Am., N.A. v Kljajic, 168 AD3d 659, 661). The plaintiff's failure to make a prima facie showing required the denial of its motion, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Bank of Am., N.A. v Kljajic, 168 AD3d at 661).
The defendants' remaining contentions need not be reached in view of our determination.
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court